UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| MCF COMMUNICATIONS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) C. A. No. 11-011-M |
| THE TOWN OF PORTSMOUTH et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

JOHN J. MCCONNELL, JR., United States District Judge.

Plaintiff MCF Communications, LLC ("MCF") filed this action seeking injunctive and other relief from the Town of Portsmouth Zoning Board's ("the Board") decision denying it a special use permit for the construction of a one hundred and ninety-five foot telecommunications tower and fenced compound on property in the Town of Portsmouth. Before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 16) to which Defendants have objected (ECF No. 20). After reviewing the submitted materials, including affidavits submitted with the motions, and hearing oral argument, the Court GRANTS MCF's motion, and orders the Board to grant the special use permit.

**I.    FACTS AND BACKGROUND**

Approximately 2800 Metro PCS[1] cellular customers are affected by a gap in coverage in Portsmouth, Rhode Island. The gap affects wireless users attempting to access MetroPCS's wireless communications network within the affected area. MCF determined that a new

---

[1] Although the application was jointly made and pursued by both MCF and MetroPCS, only MCF is a plaintiff in this action.

telecommunications tower at 895 Middle Road in Portsmouth would address that gap. Because the proposed location was a 33-acre farm, MCF had to apply for a special use permit from the Board. MCF submitted an application to construct the tower and fenced compound; it also sought to install other wireless communications equipment such as antennae, cabling, and radio communications equipment cabinets.

After a hearing, the Board denied the application, by a three-to-two vote.[2] Despite finding that the tower would not be detrimental to the surrounding area and would be compatible with neighboring land uses, the Board indicated in its decision that "[t]he members who voted to deny the petition concluded that the placement of a pole of the requested height in the middle of a field detracts from the rural character of the town, which violated the town's comprehensive community plan." (ECF No. 18-10 at 3.)

MCF sued the Town of Portsmouth, the Board, and members of the Board in their official capacities, claiming that the Board had violated the Federal Telecommunications Act of 1996 ("TCA") because it had effectively prohibited the provision of personal wireless services in denying MCF's application for a special use permit. The parties have raised three issues for the Court's consideration. Specifically, MCF raises two issues in its motion: 1) did the Board base its denial of a special use permit on substantial evidence in the written record as required by TCA; and 2) did the Board's denial effectively prohibit MCF's provision of wireless service, again in violation of the TCA. For relief, MCF requests that the Court order the Board to grant its special use permit. Additionally, MCF asks the Court to issue an injunction directing Portsmouth to issue all permits, including a building permit, and provision of any equipment

---

[2] Three members of the Board voted to issue the permit and two members voted against it, but according to the Board's rules, four affirmative votes are necessary for approval of a special use permit.

sought in the special use permit application. The Board raises the third issue: that is, whether the Court has the equitable authority to order a town to issue a building permit, particularly when there has been no application for a building permit.

### A.  SUBSTANTIAL EVIDENCE

"Under the [TCA], local governments retain control over decisions regarding the placement … of personal wireless facilities … subject to several substantive and procedural limitations [that provide] 'an outer limit' upon their ability to regulate personal wireless services." *Southwestern Bell Mobile Systems v. Todd*, 244 F.3d 51, 57 (1st Cir. 2001) (citations omitted). This Court's judicial review of a local regulatory agency decision is narrow. The TCA provides that 1) any decision by a municipality to deny a request to place, construct, or modify a personal wireless service facility shall be in writing and be supported by substantial evidence in the written record; 47 U.S.C. § 332(c)(7)(B)(iii); and 2) local zoning authorities shall not prohibit or have the effect of prohibiting the provision of personal wireless services. 47 U.S.C. § 332(c)(7)(B)(i)(II).

MCF first argues that the Board's decision violates § 704 of the TCA, 47 U.S.C. § 332(c) because it was not based on substantial evidence in the record. MCF alleges that the Board and it merely concluded that the proposed plan did not comply with Portsmouth's comprehensive plan without detailing the evidence in the written record for that conclusion. The Board replies that MCF failed to provide it with any evidence that its application was consistent with the comprehensive plan's attempt to preserve Portsmouth's rural character.

While a court's review of the decision is not limited to the facts specifically offered in the written decision, the Board cannot now offer to the court reasons for its decision beyond those reasons given in the record. *Nextel Communications of the Mid-Atlantic , Inc. v. Town of Wayland*, 231 F. Supp. 396, 407-408 (D. Mass. 2002), *citing National Tower, LLC v. Plainville Zoning*

3

*Board of Appeals*, 297 F.3d 14, 22 (1st Cir. 2002). Although the board need not make formal findings of fact or state every single fact in the record, it may not "hide the ball." *National Tower*, 297 F.3d at 20-21. A written decision must contain a "sufficient explanation of the reason for the denial to allow a reviewing court to evaluate the evidence supporting those reasons." *Id*. Conclusory statements are insufficient to meet the written denial requirement of the TCA. *See Nextel Communications of the Mid-Atlantic, Inc. v. Town of Randolph*, 193 F.Supp.2d 311, 318-319 (D. Mass. 2002); *see also*, *Sprint Spectrum v. Town of Swansea*, 574 F.Supp.2d 227, 236 (D. Mass. 2008) (board failed to provide substantial evidence when its decision merely "parrot[ed]" the town's bylaws).

The Board's decision here is plainly deficient. The Board's decision fails to meet the formal requirements for a written decision because it offers no facts upon which the Court may evaluate the evidence supporting its conclusions, relying instead upon little more than a conclusory statement that recites its ordinance and comprehensive plan.

It appears to the Court that the Board based their vote on aesthetics in light of their reliance on the rural character of Portsmouth. "The question of whether there is sufficient evidence in the record to support the Board's "aesthetic interests" justification is close. A number of courts, including this one, have recognized that cell towers are inherently aesthetically displeasing." *Green Mountain Realty Corp. v. Leonard*, 688 F.3d 40, 53 (1st Cir. 2012) (citing *Sw. Bell*, 244 F.3d at 61; *VoiceStream Minneapolis, Inc. v. St. Croix County*, 342 F.3d 818, 831 (7th Cir. 2003)) ("[B]ecause 'few people would argue that telecommunications towers are aesthetically pleasing,' a local zoning board's 'aesthetic judgment must be grounded in the specifics of the case.'" (quoting *Sw. Bell,* 244 F.3d at 61); *Helcher v. Dearborn Cty*, 595 F.3d 710, 723 (7th Cir. 2010) ("[a]lthough local governments are entitled to weigh the aesthetic effect

of a wireless tower in deciding whether to permit its construction, generalized aesthetic concerns are not alone sufficient to justify the denial of a permit." Rather, an "aesthetic judgment must be grounded in the specifics of the case.").

In considering the aesthetics of the proposed telecommunications tower, the Board did not make any specific findings about the aesthetics of the proposed plan or about the characteristics of the farm. It simply stated that the proposed plan violated the comprehensive plan and was not in harmony with the rural character. This conclusive statement does not meet the TCA's requirement that the decision be based on "substantial evidence in the written record."

Further, to the extent that Board provided any rationale at all, the Board's decision is contradictory and the findings therein do not support the Board's basis for denying the application. The Board's conclusion that the project did not deserve a special use permit is belied by its findings that "the desired use will not be detrimental to the surrounding area. It will be compatible with neighboring land uses. It will not create a nuisance or a hazard in the neighborhood. Adequate protection is afforded to the surrounding property by the use of open space and planting. Safe vehicular access and adequate parking are provided. Control of noise, smoke, odors, lighting and any other objectionable feature is provided. Solar rights of the abutters are provided for. The health, safety and welfare of the community are protected." (ECF No. 18-10 at 3.) The Board's conclusion that the proposal violates the town's comprehensive plan is contradicted by these specific findings by the Board.

Moreover, MCF cites to the record quite convincingly that it did submit substantial evidence into the record that the proposed plan complied with local ordinances. It relies mainly on its real estate appraiser who opined that the cell tower would not have a negative impact on real estate values or alter the character of the neighborhood. The Court cannot find in the record

any evidence to refute these opinions. The Board "is not free to prescribe what inferences from the evidence it will accept and reject, but must draw all those inferences that the evidence fairly demands." *Sw. Bell*, 244 F.3d at 59 (internal quotation marks omitted). As such, the Board had no basis to draw an inference that the proposed plan was not in harmony with the rural character of the town such that the denial of the special use permit was in error. This Court finds that the Board's ultimate vote, particularly the two dissenting voters, did not base their decisions on the substantial, objective evidence in the written record as required by the TCA. Their determination was based on unreasonable inferences and was not sufficiently grounded in the evidence in the case.[3]

### B. REMEDY

MCF requests relief in two forms: an order requiring the Board to issue the special use permit and injunctive relief ordering the Board to authorize the construction and issue a building permit, among other things, for the tower. The Court grants MCF's first request for relief and orders the Board to issue the special use permit. The Court denies the second request. The parties agree that MCF has not submitted a building permit for consideration and approval and the Court declines to intervene when at this time the application process is incomplete.

## II.  CONCLUSION

MCF's Motion for Summary Judgment is GRANTED. The Court orders the Board to grant MCF's special use permit on its application for the proposed telecommunications tower plan.

---

[3] Because the Court has found that MCF met its burden of demonstrating that the record before the Board contained substantial evidence, it need not consider the parties' arguments on effective prohibition.

IT IS SO ORDERED.

s/ John J McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge

December 26, 2012